OPINION of the Court.
Kirkpatrick G. J.
This case from the papers sent up, appears to be thus. On the 3d of March 1813, Abraham Peterson, the plaintiff below, by virtue of two executions in his hands, as a constable, levied upon certain goods and chattels of one John Fennimore, to the value of 53 dollars, and on the same day set up advertisements to sell the same on the 9th of the same month. In his state of demand he charges, that John Casher, the defendant, another constable, on the 4th of March 1813, took the said goods out of his possession with force and arms> and converted them to his own use. The cause was tried before a jury and a verdict rendered for the plaintiff, and judgment entered thereupon.
The first reason assigned for reversal, is the insufficiency of the state of demand in not setting forth that the goods were actually removed and in the hands of the officer. But I think, there is no ground for this. There can be no doubt but that a constable having levied upon goods, has such a property in them as will maintain either trespass or trover. In this country it has not been the custom, nor is it necessary that the goods should be actually removed by the officer. They are left in the hands of the defendant at his request, and for his benefit and accommodation, and he must be considered as the agent, and his house as the storehouse of the officer for this purpose. If *the execution should not be pursued, and a subsequent one be levied on the same property, *362 then it will always be a question whether the first was up merely by colour, and for fraudulent purposes ; ail(j if SOj the ]asf shall prevail, but if otherwise the goods shall be holden by the first levy. Here, there is no pretence of fraud.
The next reason relied upon, is, that the justice permitted these executions to be read in evidence by the plaintiff, without producing the judgments upon which they were founded.
I think it is a general rule, that where a man claims property under an execution, or a sale by virtue thereof, he must produce the judgment, and a good and regular judgment too. (a).
But however this may turn out to be upon a more careful examination of the books ; the justice is not obliged to enter in his docket the written evidence, and it therefore does not appear that these judgments were not produced in this case. (b)
The plaintiff having offered his executions in the presence of the defendant and his counsel, and-no objection having been made or offered to be made, I think it ought to be considered either that the judgments were produced, or that there was a waiver of the production by the defendant; and that under such circumstances he cannot now assign that for error.
I am well aware that the plaintiff is alwaj'S to make out his case by lawful evidence, and that he himself is to see that it be lawful, or to stand by the consequence. I am well aware also, that the mere silence of the defendant cannot make that evidence lawful which in its nature is not so, especially in these courts where men are usually without counsel. But here the executions are in their nature good and lawful evidence, and the principal evidence too; the judgments being only introductory thereof, may fairly be considered as having been produced, or *363 waived. The proceeding is substantially right, the exceptions captious.
Judgment affirmed.

 Glenn vs. Garrison, 2 Har. 1. Morehouse vs. Cotheal, 2 Zab. 521. Hamilton vs. Decker, 2 South. 813. Den, Swan vs. Despreaux, 7 Hal. 182. Den, Stout vs. Farlee, 7 Hal. 326. Brookfield vs. Morse, 7 Hal. 331. Den, Arrowsmith vs. Taylor, 1 Har. 532. Van Dyke vs. Bastedo, 3 Gr. 224. Vandoren vs. Bellis, 2 Hal. 137. Westbrook vs. Eager, 1 Har. 81.

 Manning vs. Randolph, ante 144. Sutton vs. Petty, 2 South. 504.